**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LI-LO PROPERTIES, LLC ) | *Chapter 11 Case* |
| *Debtor-in-Possession.* ) | Case No. |
| ) | |

_____

**DEBTOR'S EMERGENCY MOTION
FOR INTERIM USE OF CASH COLLATERAL AND
REQUEST FOR FINAL HEARING IN ACCORDANCE WITH
FED.R. BANKR. P. 4001(b)(2)**
_____

NOW COMES, Li-Lo Properties, LLC (the "Debtor") , by and through its attorneys, Kenlan, Schwiebert, Facey & Goss, P.C., and hereby move pursuant to Fed. R. Bankr. P. 4001(b) for an emergency interim order authorizing the use of cash collateral for thirty (30) days, and requests a final hearing in accordance with Fed. R. Bankr. P. 4001(b)(2). In support of this motion, the Debtor states as follows:

1. The assets of the Debtor consist of two (2) multi-family properties located at 157 State Street and 19 Loomis Street in Montpelier, Vermont (the "Properties") and the residential leases for space within the Properties. Currently, the sole revenue for the Debtors originates from the rents collected from the tenants in those buildings. The rent is used to pay operating expenses, including but not limited to, utilities, garbage removal, repairs, maintenance and administrative costs associated with handling so many tenants.

2. The Debtor requires the use of cash collateral to pay the monthly operating expenses. Failure to pay the various operating expenses will result in a diminution in value of the real property, could lead to health and safety issues for the tenants, and compromise future cash flow for the Debtors.

**KENLAN
SCHWIEBERT
FACEY
& GOSS, P.C.**
P.O. BOX 578
RUTLAND, VT
05702-0578
(802) 773-3300

1

3. Each of the Properties is encumbered by a first mortgage currently held by Fannie Mae which is governed by the terms of a Multifamily Mortgage, Assignment of Rents and Security Agreement by and among Arbor Commercial Funding, LLC as lender and the Debtor.

4. On the Petition Date, cash collateral consisted of about $ 44,727.00 in cash, with $19,264.00 in rents receivable becoming due within three weeks of filing.

5. On the basis of monthly cash flow projections prepared by the Debtors, the Debtors will need the use of at least $ 15,703.60 over the next thirty (30) days to meet necessary operating expenses. Attached hereto and incorporated by reference herein as Exhibit A is Projected Business Income and Expenses reflecting anticipated monthly cash flow and cash needs through November 2010.

6. Courts that have addressed adequate protection in the assignment of rents have found that paying expenses of operations, and reinvesting or segregating the remaining funds were sufficient to serve as adequate protection for future rents. *In re Marion Street Partnership,* 108 B.R. 218 (Bankr. D. Minn. 1989); *In re Prichard Plaza Associates, Ltd. Partnership*, 84 B.R. 89 (Bankr D. Mass. 1988); *In re Coventry Commons Associates*, 134 BR. 606, 626 (Bankr. E.D. Mich. 1991); *In re 499 W. Warren Street Associates, Ltd. Partnership*, 142 B.R. 53 (Bankr. N.D.N.Y 1992). Without the use of cash collateral, the Debtor will be unable to satisfy necessary utility, garbage collation, and other necessary operating expenses and will be unable to preserve the value of the Debtor's operation.

7. To provide adequate protection of the security interests of Fannie Mae and the interest of the Debtor's remaining creditors, the Debtor must have access to cash collateral. The Debtors request the authorization to use up to $15,703.60 in cash collateral from operations through November 15, 2010.

KENLAN
SCHWIEBERT
FACEY
& GOSS, P.C.
P.O. BOX 578
RUTLAND, VT
05702-0578
(802) 773-3300

2

8. As of the Petition Date, counsel for the Debtor was unable to discuss the parameters for the use of cash collateral with a representative of Fannie Mae so no stipulation regarding the use of cash collateral was able to be reached.

9. As adequate protection, the Debtor proposes to grant Fannie Mae a replacement lien in cash collateral arising post-petition to the same extent and in the same priority as any lien existed on the Petition Date. The Debtor will maintain monthly escrow payments for real estate taxes and insurance as dictated by the Multifamily Mortgage, Assignment of Rents and Security Agreement. The Debtor will also provide reasonable financial reporting in accordance with the United States Trustee's guidelines.

10. The above liens will be granted by the Debtor without prejudice to the future rights of the Debtor, the creditors and any creditors' committee or other party in interest to challenge the validity, priority and enforceability of any such lien. This post-petition lien will also be subject to the Debtor's future right to seek debtor-in-possession financing pursuant to 11 U.S.C. §364.

[Remainder of page intentionally left blank.]

KENLAN
SCHWIEBERT
FACEY
& GOSS, P.C.
P.O. BOX 578
RUTLAND, VT
05702-0578
(802) 773-3300

**WHEREFORE**, Li-Lo Properties, LLC, respectfully requests that this Court enter and Order authorizing the Debtor to use up to $15,703.60 in cash collateral, in accordance with the Debtor's cash flow projections, through the close of business on November 15, 2010, subject to the terms and conditions of this motion and such other and further relief as the Court may deem appropriate under the circumstances.

Dated at Rutland, Vermont, this 8th day of October, 2010.

By: /s/ Heather Z. Cooper
Heather Z. Cooper, Esquire
KENLAN, SCHWIEBERT, FACEY& GOSS, P.C.
P.O. Box 578
Rutland, Vermont 05702
(802) 773-3300

**KENLAN SCHWIEBERT FACEY & GOSS, P.C.**
P.O. BOX 578
RUTLAND, VT
05702-0578
(802) 773-3300